UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CEQUENT TRAILER PRODUCTS, INC., | Case No. 1:05CV2566 |
| Plaintiff, | JUDGE GWIN |
| v. | |
| INTRADIN (SHANGHAI) MACHINERY CO., LTD., | COMPLAINT FOR PATENT INFRINGEMENT |
| Defendant. | MAG. JUDGE GALLAS |

Plaintiff Cequent Trailer Products, Inc. ("Cequent"), for its complaint against defendant Intradin (Shanghai) Machinery Co., Ltd., ("Intradin"), alleges upon information and belief as follows:

## INTRODUCTION

1. This is an action for damages and for damages and injunctive relief to remedy the infringement by Intradin of United States Patent Nos. 6,722,686 (the "'686 Patent"), 6,543,260 (the "'260 Patent"), 6,874,764 (the "'764 Patent), and 6,505,849 (the "'849 Patent") (collectively, "Patents-in-Suit") that are assigned to and owned by Cequent.

## THE PARTIES

2. Cequent is a Delaware corporation having its principal place of business at 1050 Indianhead Drive, Mosinee, Wisconsin 54455-0008, and conducts business in this judicial district.

3. Intradin is a Chinese entity having its principal place of business in China and is located at 118 Duhui Road, Minhang District, Shanghai 201109, China, and conducts business in this judicial district.

{677491:3}{

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Intradin based on the following: (a) Intradin has, as alleged hereafter, offered for sale, shipped and sold products that infringe one or more of the Patents-in-Suit into Ohio; (b) Intradin regularly solicits business in Ohio; (c) Intradin engages in a persistent course of conducting business in Ohio; and (d) Intradin derives substantial revenue from goods sold in Ohio.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(1) and (b)(2) and 1400(b) as Intradin: (a) sells and/or has sold products in this judicial district that infringe the claims of one or more Patents-in-Suit; (b) regularly solicits business in this judicial district; (c) engages in a persistent course of conduct by conducting business in this judicial district; and (d) derives substantial revenue from goods sold in this judicial district.

## FACTUAL BACKGROUND

7. Cequent designs, manufactures, and markets a wide array of trailer products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

8. On April 20, 2004, the '686 Patent entitled "Coupler Locking Device and Method" issued. A copy of the '686 Patent is attached hereto as Exhibit A. Cequent is and has been at all relevant times the owner of all right, title and interest to the '686 Patent, including the right to recover for infringement.

9. On April 8, 2003, the '260 Patent entitled "Receiver Lock" issued. A copy of the '260 Patent is attached hereto as Exhibit B. Cequent is and has been at all relevant times the

owner of all right, title and interest to the '260 Patent, including the right to recover for infringement.

10. On January 14, 2003, the '849 Patent entitled "Ball Clamp Trailer Coupler" issued. A copy of the '849 Patent is attached hereto as Exhibit C. Cequent is and has been at all relevant times the owner of all right, title, and interest to the '849 Patent, including the right to recover for infringement.

11. On April 5, 2005, the '764 Patent entitled "Mechanical Screw Jack Having Stroke Limiting Nut" issued. A copy of the '764 Patent is attached hereto as Exhibit D. Cequent is and has been at all relevant times the owner of all right, title, and interest to the '764 Patent, including the right to recover for infringement.

12. Intradin manufactures, uses, offers for sale, sells or imports a coupler locking device depicted in Exhibit E.

13. Intradin manufactures, uses, offers for sale, sells or imports a receiver lock depicted in Exhibit F.

14. Intradin manufactures, uses, offers for sale, sells, or imports the ball clamp trailer coupler depicted in Exhibit G.

15. Intradin manufactures, uses, offers for sale, sells, or imports the mechanical screw jack having stroke limiting nut depicted in Exhibit H.

## PATENT INFRINGEMENT

16. Intradin has been and is now infringing one or more claims of the '849 Patent by making, using, importing, offering for sale, or selling the trailer coupler in the United States.

17. Intradin has been and is now infringing one or more claims of the '686 Patent by making, using, importing, offering for sale, or selling the coupler lock in the United States.

18. Intradin has been and is now infringing one or more claims of the '260 Patent by making, using, importing, offering for sale, or selling the receiver lock in the United States.

19. Intradin has been and is now infringing one or more claims of the '764 Patent by making, using, importing, offering for sale, or selling the mechanical screw jack having stroke limiting nut in the United States.

20. Intradin has knowingly infringed each of the Patents-in-Suit. Intradin's infringement of the Patents-in-Suit has been and is willful and deliberate, and Intradin will continue its infringing activities unless restrained by this Court.

21. Intradin has profited and will continue to profit by its infringing activities.

22. Cequent has been damaged by Intradin's infringing activities and will continue to be irreparably injured unless these infringing activities are enjoined by this Court.

WHEREFORE, Cequent prays:

A. That this Court enter judgment that Intradin has infringed one or more claims of United States Patent No. 6,722,686;

B. That this Court enter judgment that Intradin has infringed one or more claims of United States Patent No. 6,543,260;

C. That this Court enter judgment that Intradin has infringed one or more claims of United States Patent No. 6,505,849;

D. That this Court enter judgment that Intradin has infringed one or more claims of United States Patent No. 6,874,764;

E. That this Court issue a preliminary and permanent injunction enjoining Intradin, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Intradin from further infringement of United States Patent No. 6,722,686;

F.      That this Court issue a preliminary and permanent injunction enjoining Intradin, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Intradin from further infringement of United States Patent No. 6,543,260;

G.      That this Court issue a preliminary and permanent injunction enjoining Intradin, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Intradin from further infringement of United States Patent No. 6,505,849;

H.      That this Court issue a preliminary and permanent injunction enjoining Intradin, its officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Intradin from further infringement of United States Patent No. 6,874,764;

I.      That this Court award Cequent all of its damages caused by Intradin's acts of infringement, together with interest and costs as provided for under 35 U.S.C. § 284;

J.      That this Court order an accounting of Intradin's profits arising out of their infringing activities and award Cequent those profits;

K.      That this Court find Intradin's infringement to be willful and increase the damages to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

L.      That this Court enter judgment that this case is exceptional and awards Cequent its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

M.      That Cequent be awarded such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Cequent hereby requests trial by jury of all issues so triable.

Dated: November 1, 2005

Respectfully submitted,

*[signature]*

Michael L. Snyder (0040990)
David T. Movius (0070132)
McDONALD HOPKINS CO., LPA
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114-2653
Telephone: (216) 348-5400
msnyder@mcdonaldhopkins.com
dmovius@mcdonaldhopkins.com

*Attorneys for Plaintiff*
*Cequent Trailer Products, Inc.*