UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------
:
CEQUENT TRAILER PRODUCTS, INC., :  CASE NO. 1:05-CV-2566
:
        Plaintiff, :
:
vs. :
: [Resolving Doc. No. 24]
INTRADIN (SHANGHAI) MACHINERY :
CO., LTD. :
:
        Defendant. :
:
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Cequent Trailer Products, Inc. and Defendants Intradin (Shanghai) Machinery Co., Ltd. jointly request an order governing the disclosure of confidential materials in this case. [Doc. 24.] For the reasons set forth below, this Court **DENIES** the parties' joint request for the proposed order.

Analysis

      Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). However, a trial court is vested with the authority to limit pretrial discovery and upon a showing of good cause "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c). The decision to grant a motion for a protective order is within the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In making such a determination, the court is

-1-

Case No. 1:05-CV-2566
Gwin, J.

to balance the competing interests at issue and to compare the hardship on the parties if the motion is either granted or denied. *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 470 U.S. 373 (1985). It is the movant's burden to demonstrate that this balancing of hardships weighs in its favor. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

Furthermore, when deciding whether to grant a protective order, the court must remain cognizant that public access to court documents is a fundamental feature of the American judicial system. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001), the court observed that to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. This Court agrees that a showing of substantial personal or financial harm is a prerequisite to an order sealing any documents in its file.

This Court is not a private dispute resolution service. It is a public forum. Despite this, the parties request blanket authority to designate documents as confidential and file pleadings and exhibits under seal when they deem necessary. To this end, they offer a fifteen-page proposed protection order. But the parties do not demonstrate that this case warrants such a broad order. They offer no details as to any supposedly confidential information. The parties make no showing

-2-

Case No. 1:05-CV-2566
Gwin, J.

as to why this Court should remove any document from public view.

Of course, the parties are free to enter into a private confidentiality agreement with respect to disclosure of documents and information. Nor does this Court intend to prevent either party from moving to seal an individual document in the file, provided they make the required particularized showing. The parties have not made a case, however, for sealing any materials.

## Conclusion

Accordingly, this Court **DENIES** the parties' joint request for the proposed order. [Doc. 24.]

IT IS SO ORDERED.

Dated: August 25, 2006                     s/     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE