UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEQUENT TRAILER PRODUCTS, INC., | : | Case No.: 1:05-cv-02566-JG |
| | : | |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| | : | |
| v. | : | |
| | : | |
| INTRADIN (SHANGHAI) MACHINERY CO., LTD., | : | |
| | : | |
| Defendant. | : | |

**JOINT STIPULATION OF FACTS**

Cequent Trailer Products, Inc. ("Cequent") and Intradin (Shanghai) Machinery Co., Ltd. ("Intradin"), by and through their respective counsel, hereby stipulate to the following facts:

1. Cequent is a Delaware corporation having its principal place of business at 1050 Indianhead Drive, Mosinee, Wisconsin 54455-0008.

2. Intradin is a Chinese entity having its principal place of business in China and is located at 118 Duhui Road, Minhang District, Shanghai 201109, China.

3. U.S. Patent No. 6,722,686, entitled "Coupler Locking Device and Method," issued on April 20, 2004.

4. U.S. Patent No. 6,543,260, entitled "Receiver Lock," issued on April 8, 2003.

5. U.S. Patent No. 6,505,849, entitled "Ball Clamp Trailer Coupler," issued on January 14, 2003.

{1074031:10}{

6. U.S. Patent No. 6,874,764, entitled "Mechanical Screw Jack Having Stroke Limiting Nut," issued on April 5, 2005.

7. Intradin has infringed U.S. Patent No. 6,722,686 (the "'686 Patent").

8. Intradin has infringed U.S. Patent No. 6,543,260 (the "'260 patent").

9. Intradin has infringed U.S. Patent No. 6,505,849 e (the "'849 Patent").

10. Intradin has infringed U.S. Patent No. 6,874,764 (the "'764 Patent") (collectively with the '686 Patent, the '260 Patent and the '849 Patent, the "patents-in-suit").

11. Intradin does not contest in this action the validity and enforceability of the patents-in-suit.

12. Cequent is the owner of all right, title and interest in and to the patents-in-suit.

13. Cequent sells universal coupler locks, receiver locks, couplers and jacks and at some point has marked the patented products with the patent numbers for the corresponding patents-in-suit.

14. Cequent is not seeking damages for lost profits.

15. Cequent is entitled to recover a reasonable royalty on Intradin's sales in the United States of certain products that correspond to the Product numbers identified in Cequent's Disclosure of Asserted Claims and Preliminary Infringement Contentions, which is summarized in Table 1, below.  The parties dispute whether the products listed in Table 1 that Intradin sold to Valley Industries LLC and Buyers Products Company should be included in the pool of sales eligible for damages.

**Table 1**

| 6,722,686 *Universal Coupler Lock* | 6,505,849 *Ball Clamp Coupler* | 6,874,764 *Jacks with Stroke Limiting Nut* | 6,543,260 *Receiver Locks* |
|---|---|---|---|
| 708006 | 703017 | 701038 | 708000 |
|  |  | 701039 | 708001 |
|  |  |  | 708001C |
|  |  |  | 708002 |
|  |  |  | 708002C |
|  |  |  | 708004 |
|  |  |  | 705008 |
|  |  |  | 705022 |

16.     The parties disagree as to whether Cequent is entitled to damages on Intradin's sales of products that correspond to the additional Product numbers identified in the exhibits to Cequent's complaint and the September 27, 2006 letter, which are summarized in Table 2, below.

**Table 2**

| 6,722,686 *Universal Coupler Lock* | 6,505,849 *Ball Clamp Coupler* | 6,874,764 *Jacks with Stroke Limiting Nut* | 6,543,260 *Receiver Locks* |
|---|---|---|---|
|  | 703016 | 701027 | 708009 |
|  | 703020 | 701028 |  |
|  |  | 701046 |  |
|  |  | 701048 |  |
|  |  | 701062 |  |
|  |  | 701063 |  |
|  |  | 701065 |  |

17. Cequent has licensed Valley Industries, LLC under the '686 Patent at royalty of $3.00 per unit for the first 10,000 universal coupler locks sold per calendar year and $2.75 for universal coupler locks sold in excess of 10,000 units per calendar year.

18. Cequent is entitled to a $1.00 per unity royalty on sales of receiver locks that infringe the '260 Patent.

19. Cequent licensed Buyers Products Company under the '849 Patent to sell 8,064 ball clamp couplers (Intradin part no. 703017) at a royalty rate of $5.13 for 6,126 units and $3.50 for an additional 1,938 units.

20. Any facts not expressed in these stipulations are expressly reserved and may be addressed in the post-hearing briefing and proposed findings of fact and conclusions of law requested by the Court.

| | |
|---|---|
| /s/ Todd R. Tucker | /s/ David T. Movius |
| Jay R. Campbell | Michael L. Snyder (0040990) |
| *jcampbell@rennerotto.com* | *msnyder@mcdonaldhopkins.com* |
| Todd R. Tucker | David T. Movius (0070132) |
| *ttucker@rennerotto.com* | *dmovius@mcdonaldhopkins.com* |
| Thomas G. Fistek | David B. Cupar (0071622) |
| *tfistek@rennerotto.com* | *dcupar@mcdonaldhopkins.com* |
| RENNER, OTTO, BOISSELLE & SKLAR LLP | McDONALD HOPKINS CO., LPA |
| 1621 Euclid Avenue | 600 Superior Avenue, E., Suite 2100 |
| Cleveland, Ohio 44115 | Cleveland, Ohio 44114 |
| Telephone: (216) 621-1113 | Telephone: (216) 348-5400 |
| | |
| | *Attorneys for Cequent* |
| *Attorneys for Intradin* | *Trailer Products, Inc.* |
| *(Shanghai) Machinery Co., Ltd.* | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 12, 2007, a true and accurate copy of the foregoing *Joint Stipulation of Facts* was served electronically on the parties via the Court's Electronic Case Filing system. The parties may retrieve a copy of the foregoing through the Court's ECF system.

*/s/Todd R. Tucker*