UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                                    :

CEQUENT TRAILER PRODUCTS, INC.,   :     CASE NO. 1:05-CV-2566
                                                          :
             Plaintiff,                    :
                                                           :
vs.                                               :     OPINION & ORDER
                                                           :     [Resolving Doc. No. 99]
INTRADIN (SHANGHAI)               :
MACHINERY CO., LTD.,             :
                                                          :
             Defendant.                :
                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant the motion of Defendant Intradin (Shanghai) Machinery Co., Ltd. ("Intradin") to reconsider damages awarded to Plaintiff Cequent Trailer Products, Inc. ("Cequent") due to Intradin's infringement of Cequent's patents-at-suit. [Doc. 99.] Specifically, Intradin requests that the Court reconsider its decision to treble damages after finding that Intradin willfully infringed three of Cequent's patents. *Id.* In response, Cequent asks the Court to maintain its damages award. [Doc. 103.]

For the reasons stated below, the Court **DENIES** Intradin's motion to reconsider.

I. Background

As a threshold matter, the Court incorporates herein the facts and findings of this case as presented in its February 7, 2007 Judgment Entry and Opinion. [Doc. 98.]

On November 1, 2005, Cequent sued Intradin for patent infringement. [Doc. 1.] After the parties initiated significant discovery, Intradin represented that it would no longer contest liability

Case No. 1:05-CV-2566
Gwin, J.

and, on October 18, 2006, agreed that Cequent should receive default judgment. *See, e.g.*, Doc. 47. On November 6, 2006, the Court granted Cequent's motion for default judgment and the case proceeded to a damages hearing. [Docs. 57, 58.]

On December 1, 2006 and January 8 and 9, 2007, the Court held a hearing at which the parties presented testimony and evidence on the issue of damages. [Docs. 77, 86, 87.] After the damages hearing, the parties submitted post-trial briefs and a joint statement of facts. [Docs. 88-92, 94-97.] The Court considered all of the parties' evidence and stipulations and, on February 7, 2007, issued a Judgment Entry and Opinion that found Intradin owed Cequent a total reasonable royalty of $69,431. [Doc. 98.] After considering the Federal Circuit Court's interpretation of the statutory requirements of Section 284 of Title 35 of the United States Code, the Court determined that Intradin willfully infringed Cequent's patents-at-suit and, consequently, trebled Cequent's damages award to $208,293. *Id.*

On February 22, 2007, Intradin moved the Court to reconsider its Order awarding treble damages to Cequent "under Rule 60(a) or 59(e)." [Doc. 99.] On March 12, 2007, Cequent opposed Intradin's motion. [Doc. 103.] Intradin replied on March 23, 2007. [Doc. 105.]

In its instant motion, Intradin does not dispute the Court's earlier determinations regarding the pool of sales eligible for recovery, reasonable royalty rates, application of prejudgment interest, or finding regarding attorneys' fees. [Doc. 99.] Instead, Intradin advances the sole contention that a court may only treble "those damages that occurred after actual notice." *Id.* In support of this unique legal theory, Intradin cites to dicta in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998), and *Imonex Services, Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1377-78 (Fed. Cir. 2005). Specifically, Intradin asserts that "[a]s the Court

-2-

Case No. 1:05-CV-2566
Gwin, J.

acknowledged in its [February 7, 2007] Opinion, and as both Cequent and its expert admitted, the only portion of the damage award subject to trebling is that after actual notice." *Id.*

Cequent disagrees. [Doc. 103.] Cequent says that "[w]ithout citing any relevant legal authority, Intradin suggests that the Court exceeded its authority by awarding enhanced damages on all of Intradin's sales of infringing products." *Id.* Cequent correctly characterizes the Court's February 7, 2007 Judgment Entry and Opinion to note that "the Court may in its discretion award up to treble damages upon a finding of willfulness." *Id.*

## II. Legal Standard

Courts treat a motion for reconsideration as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant such a motion upon a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Rule 60(a) provides, in relevant part, that "[c]lerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court . . . or on the motion of any party." FED. R. CIV. P. 60(a). "Subdivision (a) deals solely with the correction of errors that properly may be described as clerical or arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b)." 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2854, at 240 (1995). Rule 60(a) "does not . . . authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment." *Pruzinsky v. Gianetti*, 282 F.3d 434, 440 (6th Cir. 2002) (citation omitted).

Case No. 1:05-CV-2566
Gwin, J.

In contrast, a court may provide relief under Rule 60(b)(1) in instances of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The Sixth Circuit has extended Rule 60(b)(1) to encompass mistakes that constitute inadvertent judicial oversight. *See, e.g.*, *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983) (allowing a motion for reconsideration to correct a court's mistake of law and recognizing that Rule 60(b)(1) allows for correcting the court's mistakes or errors). Alternatively, a court may apply Rule 60(b)(6) to provide relief under "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). A court's application of Rule 60(b)(6) requires "exceptional and extraordinary circumstances" warranting relief in the absence of an appeal on the merits. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

In reviewing a district court's denial of a motion for reconsideration, the Federal Circuit Court applies regional circuit law. *Minton v. NASD, Inc.*, 336 F.3d 1373, 1378-79 (Fed. Cir. 2003). The Sixth Circuit reviews a denial under Rule 59 and Rule 60 for abuse of discretion. *See, e.g.*, *Pruzinsky*, 282 F.3d at 440; *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).

III. Analysis

Intradin does not demonstrate adequate reason or a sound basis for the Court to reconsider its February 7, 2007 Judgment Entry and Opinion trebling the amount of Cequent's reasonable royalties based upon a finding of Intradin's willful infringement.

From the outset, the Court notes that Intradin incorrectly relies on "Rule 60(a) or 59(e)" as bases for its instant motion for reconsideration. [Doc. 99.] Rule 60(a) does not apply because Intradin does not seek correction of "clerical mistakes" in the Court's February 7, 2007 Judgment Entry and Opinion. Instead, Intradin requests that the Court "revisit its legal analysis or otherwise

-4-

Case No. 1:05-CV-2566
Gwin, J.

correct an error in substantive judgment" to limit treble damages to those occurring "after actual notice." *See Pruzinsky*, 282 F.3d at 440; Doc. 99. Other than fashioning new damages law, as discussed below, Intradin asks the Court to flout Sixth Circuit precedent, which the Court will not do. Thus, Intradin's motion "under Rule 60(a)" fails.

Similarly, Rule 59(e) does not apply to the Court's February 7, 2007 Judgment Entry and Opinion. Intradin does not proffer newly discovered evidence to support its motion to reconsider. *See* Doc. 99. Intradin does not cite an intervening change in controlling law as the basis for reconsideration. *Id.* Intradin does not argue that the Court must grant its instant motion for reconsideration of its February 7, 2007 Judgment Entry and Opinion to prevent manifest injustice. *Id.*

Instead, Intradin implies the Court committed clear error by not limiting treble damages "to only those damages that occurred after actual notice." *Id.* In support of its unique interpretation of the law, Intradin asserts that "the Court acknowledged in its [February 7, 2007] Opinion and . . . both Cequent and its expert admitted, [that] the only portion of the damage award subject to trebling is that after actual notice." *Id.* In support of its assertion, Intradin cites to dicta highlighted by the Court in its February 7, 2007 Judgment Entry and Opinion that appears in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) that identifies "actual knowledge of the infringer" as an element a court may consider in determining a defendant's compliance with the federal marking statues.

*Nike* does not stand for the legal outcome advanced by Intradin, nor did the Court "note[ ]" that "damages for willful infringement may only be awarded for infringement that occurred *after* the infringer received *actual notice* of infringement." *See* Doc. 99 (emphasis in original). Actual

-5-

Case No. 1:05-CV-2566
Gwin, J.

notice may indicate willfulness, but it does not limit a court's discretion in awarding treble damages once the court finds willful infringement. Intradin's assertion lacks merit and belies either a fundamental misunderstanding of established law or, equally as bad, a thinly-veiled attempt to avoid the financial consequences of its willful infringement of Cequent's patents.[1]

Thus, contrary to Intradin's new interpretation of the law, the date on which Intradin received "actual notice" of its infringement of Cequent's patents does not constrain the Court's discretion to award enhanced damages. *See nCube Corp. v. SeaChange Int'l, Inc.*, 436 F.3d 1317, 1324-26 (Fed. Cir. 2006) (affirming the trial court's award of enhanced damages over the entire period of infringement where no "actual notice" until service of complaint). "Actual notice of another's patent rights triggers an affirmative duty of due care to avoid infringement." *Id.* (citing *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1109 (Fed. Cir. 1986)). *See also Nike*, 138 F.3d at 1446-47 (noting that a defendant's duty to avoid infringement attaches only after the provision of actual notice). Such notice does not act as a brake on a court's discretion to award enhanced damages. A court properly does so where "the totality of the circumstances evince the egregious conduct that constitutes willful infringement." *Imonex*, 408 F.3d at 1377 (citing *Rolls-Royce*).

In its February 7, 2007 Judgment Entry and Opinion, the Court weighed all of the facts and evidence and determined that the totality of the circumstances warranted the award of treble damages to Cequent. *See* Doc. 98. In coming to this conclusion, the Court found that Cequent met

---

[1] The Court encountered a similar situation with Intradin while considering Defendant's then-pending motion to dismiss on the grounds of improper service of process. *See* Doc. 16. Despite providing a Return of Service document that stated who served process and where service occurred, but omitting the service recipient, Intradin argued that "it *appeared* that [Cequent] attempted service . . . at a Las Vegas trade show." *Id.* The Court noted that Intradin's "implied ignorance of the service recipient is clearly not genuine. The Defendant must have known that [its agent] was served; otherwise it would not have possession of the Summons. This feigned ignorance, though not necessarily unethical, nonetheless strikes the Court as disingenuous." *Id.* So, too, with Intradin's present motion.

-6-

Case No. 1:05-CV-2566
Gwin, J.

its burden of establishing notice both by marking its products and providing actual notice to Intradin in September 2004.[2/] *Id.* The Court further found that evidence "strongly shows that Intradin deliberately copied Cequent's patents [and] took no care to avoid infringement of the presumptively valid and enforceable patents."[3/] *Id.* Finally, the Court found that, rather than undertaking its "affirmative duty to exercise due care to avoid infringement," Intradin openly copied Cequent's patents, admitted to doing so, and defaulted in this law suit. *Id.* (citing *SRI Int'l v. Advanced Tech. Lab.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997)). The Court concluded that Cequent presented clear and convincing evidence of Intradin's willful infringement and trebled the total amount of Cequent's compensatory damages. *Id.* In doing so, the Court considered the totality of the circumstances and

---

[2/] Intradin's position regarding Cequent's September 2004 notice letter presents another example of Defendant's "disingenuousness" in this litigation. While in the latter portion of the law suit, Intradin denied receiving the September 2004 letter, the company's initial litigation counsel admitted that Intradin received the letter. *See* Doc. 43, Exh. 7 at 2 (stating "[o]ur understanding is that Intradin received a letter from Cequent in September 2004 claiming that Intradin . . . infringed the [patents-at-suit]"). In its February 7, 2007 Judgment Entry and Opinion, the Court took this admission as "evidence in this case [that] belies [Intradin's] denial" of its knowledge of infringement. *See* Doc. 98.

[3/] At the damages hearing, Todd Walstrom, Cequent's Vice President of Engineering, offered unrefuted testimony that the Intradin products-at-suit were "exact cop[ies], exact knockoff[s]" of Cequent's patented products. *See, e.g.*, Doc. 77 at 29-48. Walstrom provided the Court with particularly egregious examples of Intradin's infringement. Demonstrating the identical nature of the two companies' ball clamp couplers, which Cequent patented, Walstrom testified:

> You will notice, Your Honor, that there is a hole right here. On the Intradin coupler, on the back side of what we call the support plate, you will find the exact same hole on our support plate. That hole has no functional purpose other than for us to locate it in our welding fixture. It has no functional purpose for the coupler, and [Intradin] copied that directly.
>
> And if you look at the ball clamp, there is a slight indentation on the ball clamp, on the back side of the ball clamp, and if you look at the Intradin product, you'll find, again, the exact same little marking on the back side of the [Intradin] ball clamp. That is a vendor identification mark that our supplier in the United States that makes the ball clamp puts that vendor mark on the product, and Intradin copied it. It serves no purpose. Each and everything about this is exactly the same as our product.

Doc. 77 at 41-42.

Walstrom credibly testified to many other examples of Intradin's willful infringement of Cequent's presumptively valid patents. *See id.* at 22-95.

Case No. 1:05-CV-2566
Gwin, J.

properly exercised its discretion. *See, e.g.*, *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 794 n.4 (Fed. Cir. 1995) (requiring that the "amount of enhancement must bear some relationship to the level of culpability of the conduct"). As a result, Intradin does not show that the Court committed clear error of law that requires reconsideration under Rule 59(e).

Because Intradin does not show clear error or mistake, it cannot prevail under Rule 60(b)(1). Further, Intradin does not demonstrate an appropriate basis of relief under Rule 60(b)(6), which the Court would apply only in "exceptional and extraordinary circumstances" wholly-absent here. *Euclid Manor Nursing Home*, 867 F.3d at 294. Thus, Intradin does not support its instant motion with any facts, legal reasoning, or in any other manner required by either Rule 59 or Rule 60. Consequently, Intradin's motion for reconsideration fails.

IV. Conclusion

For these reasons, the Court **DENIES** Intradin's motion to reconsider.

IT IS SO ORDERED.

Dated: May 7, 2007              s/      *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE